E-FILED
Friday, 27 July, 2007   11:43:44 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Lazinnial Brandon, | ) | |
|            Plaintiff | ) | |
| v. | ) | Case No. 06-1316 |
| Peoria County Sheriff Michael D. McCoy, Peoria County, and Advanced Correctional healthcare Inc. | ) ) ) | |
|            Defendants | ) | |

### ORDER

Now before the court are the plaintiff's motion (# 29) for leave to photograph and videotape the Peoria County Jail; and plaintiff's third Motion (#28) to amend the complaint. For the following reasons, ruling on the motion for leave to amend the complaint is deferred. The motion for leave to photograph is granted under the conditions stated herein.

**MOTION FOR LEAVE TO AMEND**

In this motion, plaintiff seeks leave to amend the complaint in two ways:  by adding new defendants based on information gleaned during discovery, and by re-stating previously-dismissed counts of the complaint.  The proposed amended complaint identifies the parties previously identified as John Doe and Jane Roe, and it adds the Human Service Center and two of its employees as defendants.

In addition, certain state law claims, earlier voluntarily dismissed by Plaintiff, are included in the proposed amended complaint.  The claims are the state law tort claims that were plead against Jane Roe, the Sheriff, ACH, and Peoria County, as well as the wrongful death claim against all defendants.  These claims are now plead against named individuals and their employees.

Defendant ACH has opposed the motion for leave to file the amended complaint. Primarily, defendant's argument is that Counts VII, VIII, IX and XIII sound in medical negligence, and such claims must comply with the Illinois statute that requires such claims be supported by an affidavit and certificate of merit. 735 ILCS 5/2-622. This argument was made in an earlier-filed motion to dismiss, attacking the original complaint which similarly lacked the requisite affidavit and certificate. In response to that motion, plaintiff voluntarily dismissed the state law tort claims.

This statutory requirement is substantive, not procedural, and hence governs the pleading of state law claims of healing art malpractice[1] in federal court. See, e.g., Baumann v. American Nat'l Red Cross, 262 F.Supp. 2d 965, 966 (C.D.Ill. 2003)(Hon. M. Mihm); Cassara v. Illinois, 843 F.Supp. 2d 411 (N.D.Ill. 1994); Landstrom v. Illinois Dep't of Children and Family Servs., 699 F. Supp. 1270, 1282 (N.D.Ill. 1988), aff'd, 892 F.2d 670 (7th Cir. 1990).

Plaintiff has failed to submit the requisite affidavit and certificate, nor has he asked the Court for time to obtain and file such supporting information. When deciding whether to permit late filing of the certificate, a court may consider whether a plaintiff has shown good cause for the untimeliness. See, Simpson v. Illinois Health Care Servs., Inc., 588 N.E.2d 471, 474 (Ill.App. 1992). The issue of good cause has not been addressed by the Plaintiff. Accordingly, Plaintiff is directed to supplement his motion for leave, in one of two ways, as

---

[1]The complaint alleges that the ACH employees (a doctor and two nurses) "failed to care for decedent" as they were "ordered or required" to do, resulting in decedent's suicide. Accepting for purposes of this motion the truth of that allegation, I find that it is sufficient at this time to plead healing art malpractice, as it would be fair to read the allegation as a failure to meet a minimum standard of care. See, Chadwick v. Al-Basha, 692 N.E.2d 390, 393 (Ill.App.1998)("healing art malpractice" encompasses a deviation from an appropriate medical standard).

follows.  Plaintiff may once again voluntarily dismiss these claims, but such dismissal must be with prejudice.  In the alternative, plaintiff shall file the requisite certificate and affidavit.  The affidavit and certificate shall be accompanied by a brief discussing the basis for his apparent conclusion that compliance with the statute is and was not necessary, as well as discussing whether his voluntary dismissal of these claims earlier in this litigation, rather than obtaining an affidavit and certificate at that time, should affect the Court's conclusion as to timeliness and good cause.  If ACH wishes to file a response to the supplement, it shall do so within 14 days after the supplement is filed.  Ruling on the motion for leave to file an amended complaint is deferred until the supplemental documents have been filed.

The above discussion of Section 2-622 does not apply to Count IX, which is not a state law healing art malpractice claim, but rather is a civil rights claim alleging that defendant ACH violated the Eighth and Fourteenth Amendments.  Section 2-622 applies only to claims arising under Illinois law;  it does not govern the pleading of civil rights claims arising under federal law.

Counts IX and XII are exact duplicates of each other.  If and when leave is granted for filing an amended complaint, Count XII must be eliminated from that complaint.

### MOTION FOR ORDER TO PHOTOGRAPH AND VIDEOTAPE THE PEORIA COUNTY JAIL

Plaintiff has requested the opportunity to photograph and videotape the inside of the Peoria County Jail where the suicide took place.  The Sheriff has filed a responsive pleading, stating that there is no general opposition the requested photography and videotaping, but also requesting certain conditions be imposed.  I have reviewed the proposed conditions and find them entirely reasonable and necessary.

Accordingly, the motion is allowed, with the following conditions:

1.  The date and time of the photography shall be set by agreement of the parties. Sheriff McCoy's agreement may be conditioned upon potential security issues.

2.  No more than two representatives of Plaintiff and no more than two representatives of the ACH and no more than two representatives of the HSC defendants (i.e. a total of six maximum) may enter the jail for this purpose. The identities of these persons shall be provided to Sheriff McCoy at least 48 hours prior to the visit.

3.  Those persons entering the jail for this purpose shall at all times be accompanied by Sheriff McCoy or an employee designated by him and by an attorney representing the Sheriff and his employees.

4.  No one entering the jail for this purpose shall enter or photograph or videotape any area of the jail except the booking area, the cell and dayroom area where Mr. Nicholson resided before his death, and the area where medical attention is given to prisoners.

5.  Any questions that may arise during this entry to the jail shall not be addressed to anyone other than the Sheriff's attorney. Questions not answered during the tour may be asked during later depositions, and nothing in this Order shall be construed as ruling on the propriety of any such questions.

## CONCLUSION

As stated above, ruling on the motion (#28) for leave to file a third amended complaint is DEFERRED. Plaintiff shall file a supplement to the motion, as discussed above, within 14 days of the date of this Order. The motion for an order (# 29) allowing photography and videotaping inside the jail is GRANTED WITH THE CONDITIONS STATED HEREIN.

ENTER this 27th day of July 2007.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE