UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Lazinnial Brandon, Administrator of the
Estate of Bruce B. Nicholson, deceased, )
                        Plaintiff )
                                    )
      v. )          Case No. 06-1316
                                    )
Advanced Correctional Healthcare Inc., )
et al, )
                        Defendants )

**ORDER AND OPINION**

Now before the Court is the motion by Defendant Advanced Correctional Healthcare Inc. for attorney's fees (#215). As stated herein, the motion is denied.

This § 1983 case was resolved on summary judgment motions in favor of all defendants and against the Plaintiff. Advanced Correctional Healthcare Inc ("ACH") and 3 of its employees who were also defendants have filed a motion for attorney's fees, asserting that the Plaintiff's action was frivolous, unreasonable and without foundation. As a result, ACH argues that it is entitled to fees under either § 1983 or 28 U.S.C. § 1927. Plaintiff has filed opposition to the motion. It is fully briefed and ready for resolution.

In a § 1983 case, a successful defendant may recover attorney's fees from the unsuccessful plaintiff if and only if the action "was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. The Plaintiff's action must be meritless in the sense that it is groundless or without foundation." Hughes v. Rowe, 449 U.S. 5, 14 (1980). The fact that a plaintiff may ultimately lose his case is not in itself sufficient justification for assessment of fees. Id.. As the Seventh Circuit has explained, a careful balance must be drawn between the need to encourage private litigants to bring suit to vindicate civil rights and the need to deter actions brought primarily

to harass a defendant without hope of success. Coates v. Bechtel, 811 F.2d 1045, 1049-50 (7th Cir. 1987). The determination whether a claim is frivolous is based on whether it was frivolous at the time suit was filed, and not with "hindsight logic." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978).

It simply cannot be said that this case wholly lacked either legal or factual basis at the time it was filed. The Defendants' motion under the Civil Rights Act is denied.

A separate statute allows for sanctions against an attorney who has pursued a claim that is without plausible legal or factual basis and lacking in justification, or who has pursued a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound. 28 U.S.C. 1927. See, The Jolly Group Ltd. v. Medline Industries, Inc., 435 F.3d 717, 720 (7th Cir. 2006). This statute has been held to impose a duty on attorneys to dismiss claims that are no longer viable. Id..

In this case, the Plaintiff's claims survived multiple motions to dismiss. While much evidence supported the Defendants' defenses, Plaintiff was not entirely without support. At the conclusion of discovery, it took a 55 page order for the Court to resolve the case on summary judgment. At no time did Plaintiff's counsel engage in vexatious or unreasonable behavior in his advocacy of his client.

This is not a proper case for entry of sanctions against the Plaintiff or Plaintiff's counsel. The motion under § 1927 is therefore denied.

ENTERED ON November 12, 2010

                                             s/ John A. Gorman

                                     JOHN A. GORMAN
                                     UNITED STATES MAGISTRATE JUDGE